# EXHIBIT 1

EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Susan L. Gray<br>Sr. Vice President<br>**Bank of America**<br>325 E. Street<br>Davis, CA 95616 | PERSON FILING CHARGE<br><br>**Judy E. Calibuso**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>**510-2007-01656** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act     [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act    [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **26-FEB-07** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X] Please respond fully by **26-FEB-07** to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
to
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **Robert Metaxa,**<br>**Enforcement Supervisor**<br>EEOC Representative<br>Telephone **(305) 808-1750** | **Miami District Office - 510**<br>**2 South Biscayne Blvd**<br>**Suite 2700**<br>**Miami, FL 33131** |

Enclosure(s): [X] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| January 25, 2007 | **Federico Costales,**<br>**District Director** | *[signature]* |

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ■ EEOC | 510 2007 01656 |

Florida Commission on Human Relations and EEOC
*State or local Agency, if any*

| NAME (indicate Mr., Ms. or Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Ms. Judy E. Calibuso | Home (305) 827-6776 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 7539 NW 175th St. | Miami, FL 33015 | 10/16/1969 |

NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (include area code) |
|---|---|---|
| Bank of America | Cat. D (500+) | (800) 432-1000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| Bank of America Corporate Center, 100 N. Tryon St., Charlotte, NC 28255 | | |

CAUSE OF DISCRIMINATION BASED ON (*Check appropriate box(es)*)

☐ RACE ☐ COLOR ■ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (*specify*)

DATE DISCRIMINATION TOOK PLACE
EARLIEST                    LATEST
1997 – Present
☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional space is needed, attach extra sheet(s)*):

**I.    Overview of Allegations**

1. This sex discrimination charge is filed on behalf of myself, Judy E. Calibuso, and all others similarly situated. Like other female employees of Banc of America Investment Services, Inc. (hereafter "BofA"), I have been harmed by a continuing pattern and practice or policy of sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and Fla. Stat. § 760.10.

**II.   Work History**

2. I was hired as a Financial Adviser by Barnett Bank in June, 1995, which later became BofA. I am still employed by BofA as a Financial Adviser in its Brickell office in Miami, Florida.

■ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedure.

I declare under penalty of perjury that the foregoing is true and correct.

1/9/07
Date

Charging Party (signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

DHYANA RODRIGUEZ
Notary Public - State of Florida
My Commission Expires Apr 4, 2010
Commission # DD 537000
Bonded By National Notary Assn.

SUBSCRIBED AND SWORN TO BEFORE ME THIS
(Day, month, and year)
9th, January 2007

**Judy E. Calibuso**
Charge of Discrimination

The Particulars Are (continued):

### III. Claims

3. <u>Compensation and Promotion</u>: I believe that I have been denied compensation and extra bonuses made available to similarly-situated male employees.

BofA routinely distributed business opportunities, including accounts from departing and retiring brokers, referrals, leads, and potential clients, and more advantageous partnerships with different departments within BofA, to male Financial Advisers rather than to female Financial Advisers. As a result of the inequitable and discriminatory distribution of accounts and account prospects, female Financial Advisers have diminished income potential and diminished actual income as compared to similarly-situated male employees.

For example, in December 2006 two male Financial Advisers in the Private Bank division left BofA, which assigned half of their book of accounts to the brokerage retail level in which I work. BofA gave all of these accounts to two male Financial Advisers, both of whom had already received substantial accounts from BofA earlier that year. BofA did not assign any of these accounts to the designated Private Bank Financial Advisor, who is female. She had asked BofA for these accounts and explained that she already knew and serviced these clients, but BofA told her that it would not assign her any of these accounts.

In another example, in September 2006, I met with my manager and asked for fee-based accounts, since BofA did not give me any earlier that year when several brokers left. My manager told me that he did not have any fee-based accounts to give me, but that if he did, he would give them all to a specific male broker. Several weeks later, I learned that my manager had distributed fee-based accts from the departed brokers to three male brokers.

By denying compensation to me that was made available to similarly-situated male Financial Advisers, BofA has also denied me promotions, extra bonuses, and stock options, which are awarded based on a Financial Adviser's level of compensation.

### IV. Class Claims

4. It is my understanding and belief that BofA has engaged in a continuing pattern or practice of discrimination against female Financial Advisers with respect to compensation, business allocation, and other terms and conditions of employment in the downtown Miami, Florida office and at other BofA facilities.

5. I would like this charge filed with the EEOC and the Florida Commission on Human Relations. I swear under penalty of perjury that I have read the above charge and that it is true and correct to the best of my knowledge, information and belief.

EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Vincent Castle<br>Employee Relations Manager<br>BANK OF AMERICA<br>101 S. Marengo Ave, 3rd Floor<br>Pasadena, CA 91101 | **PERSON FILING CHARGE**<br><br>Judy E. Calibuso<br><br>THIS PERSON (check one or both)<br>☐ Claims To Be Aggrieved<br>☐ Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>510-2008-02882 |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act     [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act     [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **26-MAY-08** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X] Please respond fully by **26-MAY-08** to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
to
If you **DO NOT** wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Robert Metaxa,
Enforcement Supervisor
*EEOC Representative*
Telephone **(305) 808-1750**

Miami District Office
2 South Biscayne Blvd
Suite 2700
Miami, FL 33131

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| April 24, 2008 | Federico Costales,<br>District Director | /s/ |

**Judy E. Calibuso**
<u>Supplemental Charge of Discrimination</u>

The Particulars Are (continued):

**<u>BofA Has Denied Me Business and Promotional Opportunities.</u>**

4. In late March 2007, I learned that Respondent partnered several FAs with BofA's Private Bank in order to help both FAs and Private Bank Relationship Managers grow their respective businesses, thereby increasing each partnered FA's total compensation and production. Among the FAs partnered were Doug Swartz, Eddie Fazzah, Yvette Sanchez (a female FA who has not, to my knowledge, filed a complaint about discrimination), and Mike Cannegieter. (Several months earlier, my prior manager partnered Scott Huffman and Silvano "Siby" Vizoso with Private Bank).

5. In or around April 2007, I talked to a colleague, Leo Porcella, about the partnerships. Leo told me that he asked my manager, Pilar, why BofA did not partner me with anyone since I was more senior and more experienced than most of the FAs selected. Pilar responded "because Judy has issues." At the time I had an unblemished disciplinary record during my 12 years with BofA and its predecessor. Given my clean record with the company and the proximity in time to the filing of my discrimination charge, I believe that Pilar was referring to my EEOC charge when she told Leo that I had "issues."

6. In August 2007, BofA selected a less experienced male, Oti Roberts, instead of me for a position, Private Client Manager, in Private Bank that I applied for despite the fact that I met most of the "preferred" qualifications outlined in the job posting. During my interview for the position, the interviewer, Tanya Scavuzzo, asked about my recent low production numbers. I told her they were the result of discriminatory account distributions stemming in part from my charge of discrimination.

7. Pilar has denied me the same opportunities to partner with Client Managers ("CM") that she has given other FAs. Pilar has partnered most other FAs with three to five CMs. Until October 2007, I had only one Client Manager. Pilar finally partnered me with one more CM after the CM requested to partner with me. As a result I have not had the same opportunities for business referrals or shared revenues as other FAs.

8. Pilar has excluded me from meetings involving my own accounts. In October 2007, she did not invite me to a lunch that she organized for one of BofA's Commercial Banking advisors, Gonzalo Dequesada, and several FAs from our office to help promote cross referrals for investments. Pilar invited other FAs who service accounts covered by Gonzalo. Pilar also invited Ivette Sanchez, who, to my knowledge, does not share any accounts with Gonzalo or in his niche market. Even though I share one of my biggest accounts with Gonzalo, Pilar did not invite me to the lunch.

2

9. Despite my repeated requests, Pilar has not distributed unassigned accounts from departed FAs to me. In the Fall 2006, I completed a two-month project researching and compiling BofA "orphan" annuity accounts, i.e., accounts that had not been re-assigned from departed FAs. At the time I began working on the project, my then-manager and I agreed that most of the large accounts would be reassigned to me. To date, Pilar still has not assigned me those accounts. Because Pilar has refused to assign me the accounts, totaling approximately $120 million in annuity assets, I have lost out on significant opportunities for additional revenue production.

**BofA Has Subjected Me to Harsher Rules and Compliance Standards.**

10. On several different occasions, BofA required me to follow burdensome approval procedures before performing routine activities that other FAs were not required to follow and that I had not been required to follow before filing my discrimination charge.

    a. In one instance, I planned to give another branch manager, Clayton Williams, two tickets to a basketball game to thank him for an account referral. My sales assistant asked Operations Manager, Michelle Queen—who reports to Pilar, to approve all of my outgoing mail, which included the tickets. When Michelle opened the mail and saw the tickets, she told my sales assistant that Pilar had to approve the gift before it could be sent out. By the time Michelle returned the tickets with Pilar's approval, it was too late to deliver them to Mr. Williams. I know of others who have given gifts for referrals without pre-approval. For example, male FA Manny Fernandez gave a branch manager tickets to the same game without pre-approval. Similarly, male FA Scott Huffman has given theater tickets and other gifts to BofA employees who referred business to him.

    b. In another instance in April 2007, I planned a luncheon with several select relationship managers from different lines of business and advisors from Private Bank and Commercial Banking to meet with John Prescott, a BofA insurance specialist.[1] When Pilar learned about the luncheon the night before, she told me to cancel it because I had not submitted any pre-approval or written request for a seminar type of function. She said that regional manager Steve Imus would not approve it. Both John and I spoke with Steve late that evening and provided details about the planned event to assure him that the luncheon did not violate any compliance rules. Steve said he did not see any problems with that and that he would give his final approval early morning the next day. The following morning, I could not reach Steve. At or around 10:30, Pilar called me and said that after having a conference call with

---

[1] Private Bank and Commercial Banking manage high net worth clients and are a source of high revenue-producing account referrals. BofA encourages FAs to establish relationships with various departments to encourage "Partnership For Growth ("PFG")", especially between CMs and advisors from Private Bank and Commercial Banking. CMs and FAs work together to best meet the full range of the client's financial needs to keep clients from taking their business (or some portion of it) to a competitor.

3

regional management, she decided that she was not comfortable with the luncheon and that she decided not to approve it. The luncheon, scheduled for 12:30 that day, did not happen.

    c. In contrast, on the same day, I am aware of at least two male FAs who organized two separate group luncheons with wholesalers without any pre-approval or written request. Mike Cannegeiter and Manny Fernandez, along with some other male FAs, were leaving the Brickell office for a lunch they planned with two different outside wholesalers. A couple of client managers from BofA's Premier Client group also attended. Pilar and Michelle stopped Mike and the other FAs at the elevator and asked where they were going. When Mike told Pilar that they were taking referral sources to lunch, Michelle told them that they needed pre-approval for the lunch. Mike told them, "Ok, I'm asking for permission now!" Pilar gave her approval on the spot and Mike and the rest of the group left for lunch. Adding insult to injury, the male FAs went for lunch at the same restaurant where I planned to have my luncheon.

11. On May 14, 2007, I asked Pilar, and regional management, for approval to re-schedule my luncheon. I was told to get approvals from all department heads—a time-consuming process. I then had to go through another round of approval from upper level management. Anne Curlis, one of the top compliance executives, finally approved the lunch. She said that it was ridiculous that I had to go through this for a luncheon promoting PFG, partnership for growth, (a BofA initiative encouraging interdepartmental collaboration), given that no clients, only internal employees, would be attending. After receiving Ms. Curlis's approval on May 23rd, BofA still required me to get Pilar's final approval. She did not give me her approval until only several days before the planned event.

12. Pilar issued me an undeserved reprimand letter in October 2007. Pilar claimed that I had not followed procedure regarding a client referral to BofA's Private Bank. There was no basis for her claim because I told her about the client. I emailed her the necessary forms and asked her to see if she would approve it in order to allow me to share revenue with the Private Bank advisor for my referral. As with the incidents described above, Pilar denied my request. As a result, I did not receive any revenue or compensation for the business that I referred. Nonetheless, Pilar required me to attend a "coaching session" with her and the manager from the Private Banking group. <u>The reprimand letter was my first in my 12-year tenure with the company</u>. Again, I believe Pilar applied stricter rules to me in retaliation for my charge.

13. The above is non-exhaustive list of the retaliatory treatment I have been subjected to in violation of Title VII. Time and again I have been singled out, denied opportunities, and treated more harshly than other FAs.

4

14. As with my original charge, I would like this charge filed with the EEOC and the Florida Commission on Human Relations. I swear under penalty of perjury that I have read the above charge and that it is true and correct to the best of my knowledge, information and belief.

*[signature]*

5

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Judy E. Calibuso**
7539 Nw 175th St
Hialeah, FL 33015

From: Miami District Office
2 South Biscayne Blvd
Suite 2700
Miami, FL 33131

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

EEOC Charge No.: 510-2007-01656
EEOC Representative: **Katherine E. Gonzalez, Investigator**
Telephone No.: (305) 808-1766

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_R. K. Metcalf_ (signature)
**Manuel Zurita, Acting Director**

JUN 17 2008
(Date Mailed)

7004 2510 0004 9478 4173

Enclosures(s)

cc: **Vincent Castle**
Employee Relations Manager
BANK OF AMERICA
101 S. Marengo Ave., 3rd Floor
Pasadena, CA 91101

**Piper Hoffman, Esq.**
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016