**Lieff Cabraser Heimann& Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

October 26, 2010

Kelly M. Dermody
Partner
kdermody@lchb.com

**VIA ECF**

The Honorable William D. Wall
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014

> RE:   *Judy Calibuso, et al. v. Bank of America Corp., et al.*
>           No. 10 Civ. 1413 (JFB) (WDW)

Dear Magistrate Judge Wall:

We represent the Plaintiffs, female financial advisors in the above-referenced nationwide employment discrimination class action against Defendants Bank of America Corp.; Merrill Lynch & Co., Inc.; and Merrill Lynch, Pierce, Fenner & Smith, Inc. (collectively "BOA"). Pursuant to Fed. R. Civ. P. 30(b)(6) and 37, Plaintiffs respectfully request that the Court order BOA to produce a witness to testify about:  (1) BOA's computer systems and electronically-stored information ("ESI"), (2) the coding, retention, and retrieval of relevant ESI, and (3) BOA's Human Resources data ("HR data").  *See* Plaintiffs' Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) Regarding Electronically-Stored Information at 2-3, attached as Exhibit A. [1]  This testimony is a necessary precursor to efficient class and merits discovery, without which Plaintiffs will be unable to identify or understand the complicated abbreviations, codes, and unnamed fields in BOA's complex ESI and data systems.   BOA justifies its refusal to provide timely, complete testimony on its purported preference for informal discovery and its intention, at some point, to bring a partial motion for judgment on the pleadings under Rule 12(c).  Plaintiffs' good-faith efforts to resolve this issue informally have failed.

Relevance of Specific Data Requested.

Courts routinely order Rule 30(b)(6) depositions on a party's documents and ESI.  *See, e.g.*, *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 214 (M.D. Fla. 1993).  In the Second Circuit, such depositions routinely proceed without objection during the normal course of Rule 26 discovery. [2]  Indeed, Defendant Merrill Lynch has already produced a Rule 30(b)(6)

---

[1] BOA designated a witness to testify regarding a subset of Merrill Lynch's compensation-related ESI – but has not made the witness available for deposition, nor identified anyone to testify regarding Bank of America's ESI or other Merrill Lynch ESI.

[2] *See In re NTL, Inc. Secs. Litig.*, 244 F.R.D. 179, 201 (S.D.N.Y. 2007) (describing three separate depositions on the defendant's "document and ESI retention and destruction policies"); *Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya*, 248 F.R.D. 126, 132 (S.D.N.Y. 2007) (describing 30(b)(6) deposition on the maintenance and retention of documents); *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 373 (S.D.N.Y. 2006) (defendant conceded that

*Footnote continued on next page*

The Honorable William D. Wall
October 26, 2010
Page 2

deponent to testify about the nationwide ESI and HR data it produced in a similar Title VII class action. *See McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Case No. 05-06583, Dkt. No. 356-16, attached as Exhibit B.

As the courts have recognized, ESI and data depositions allow the identification of relevant discovery and ensure that discovery and litigation proceed productively and efficiently. *See McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70, 79 (D.D.C. 1999) (Rule 30(b)(6) depositions streamline the discovery process); *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 214 (M.D. Fla. 1993) ("Plaintiffs' 30(b)(6) depositions to identify how data is maintained and to determine what hardware and software is necessary to access the information are preliminary depositions necessary to proceed with merits discovery."). A Rule 30(b)(6) deposition also permits the deposing party to understand codes, abbreviations, and unnamed fields in complex HR data. *See Zamora v. D'Arrigo Bro. Co. of Cal.*, No. C04-00047 JW, 2006 WL 3227870, at *1 (N.D. Cal. Nov. 7, 2006).

Here, as with the other cases cited above, Plaintiffs need and are entitled to explanations of BOA's ESI and HR data, including the codes, fields, and abbreviations. In addition, basic testimony on the identity, size, and location of relevant ESI will allow Plaintiffs to refute Defendants' unfounded assertions that providing routine ESI discovery will entail undue burden – particularly in light of the fact that the same type of information was produced in the *McReynolds* litigation. *See McReynolds*, Dkt. No. 343-2 at 1, attached as Exhibit C (analyzing nationwide compensation data for 23,322 financial advisors). Further, information about ESI and data is particularly important in this Title VII class action. As explained in the prior motion to compel, Plaintiffs must understand relevant HR data in order to perform a statistical analysis showing that BOA's policies and practices have a disparate impact on female financial advisors. *See Zamora*, 2006 WL 3227870, at *1 (compelling the defendant in sex discrimination class action to produce deponent to explain computer-readable personnel data produced by defendant). BOA's refusal to provide basic testimony about relevant ESI and HR data will severely prejudice Plaintiffs' ability to perform such an analysis for class certification and substantially increase Plaintiffs expert costs.

BOA's Refusal to Produce is Without Basis

BOA's refusal to produce a witness based on a purported preference for informal discovery is belied by the facts. As of June, 8, 2010, Plaintiffs have been pursuing informal discussions about ESI and data, but BOA has rejected Plaintiffs' good-faith attempts to arrange a "tech-to-tech" conversation. Specifically, BOA refused to provide relevant information unless

---

*Footnote continued from previous page*

plaintiff could "conduct depositions concerning document retention and destruction"); *National Healthcare Affiliates, Inc. v. Liberty Mut. Ins. Co.*, Nos. 01-CV-0798A & 06-CV-0600A, 2010 WL 1133432, at *2 (W.D.N.Y. Jan. 4, 2010) (describing 30(b)(6) deposition on the plaintiff's maintenance and retention of documents); *Malletier v. Dooney & Burke, Inc.*, No. 04 Civ. 5316, 2006 WL 2109472, at *3 (S.D.N.Y. July 20, 2006) ("[Plaintiff] is free to inquire about the retention of such documents at depositions."); *Nomura Secs. Int'l, Inc. v. E*Trade Secs., Inc.*, No. 01 Civ. 9280 , 2002 WL 87696, at *1 (S.D.N.Y. Jan 23, 2002) (granting defendant's request for a Rule 30(b)(6) witness knowledgeable about the nature and extent of the ESI search).

The Honorable William D. Wall
October 26, 2010
Page 3

Plaintiffs' counsel, who have no specific knowledge of BOA's ESI and data systems (and no way of obtaining that information absent discovery), first provided detailed information about the specifics of BOA's computer systems.  Based on the delay already occasioned by BOA's circular reasoning, Plaintiffs submit the most efficient way to proceed is with the 30(b)(6) deposition they have been entitled to in the first place.

BOA also argues for a *de facto* partial stay on all ESI-related discovery that it believes will touch on its anticipated Rule 12 motion.  As explained in Plaintiffs' prior Motion to Compel, the mere filing of a Rule 12 motion has no impact on discovery.    *See* Dkt. No. 23 at 3.  In fact, courts have recognized in similar circumstances that a Rule 12 motion cannot preclude appropriate discovery of nationwide Title VII claims.  In *Turnley v. Banc of America Investment Services*, Inc., 576 F. Supp. 2d 204, 210 (D. Mass. 2008), African-American financial advisers brought account distribution and support, compensation, and promotion claims focusing on the "way in which defendants arrange partnerships . . .  and distribute business opportunities and resources."   Banc of America moved to dismiss under Rule 12, claiming that venue in the judicial district of its corporate offices was inappropriate because the discriminatory conduct at issue purportedly took place in the branch offices where the named plaintiffs worked.  *Id.* at 209.  Plaintiffs, however, argued that Banc of America's senior corporate management was directly responsible for the discrimination because of the way they chose to allocate decisionmaking authority over account and territorial assignments.  *Id.* at 208-9.  The court agreed with the plaintiffs, finding that plaintiffs' allegations "far from reflecting isolated phenomena, prove a national pattern."  *Id.* at 209, 212-17 & n.7.  Notably, the court confirmed the importance of plaintiffs "getting access to national data" in order to have the opportunity to prove their claims – and expressed a concern that plaintiffs would have more difficulty obtaining nationwide data if the case were re-venued.  *Id.* at 208-209.

Plaintiffs here submit that their allegations, which must be accepted as true and drawn in Plaintiffs' favor on a Rule 12 motion, likewise mandate nationwide discovery, including the ESI and data depositions they are seeking.  Plaintiffs respectfully request that the Court order BOA to produce a witness to testify regarding its computer systems, ESI, and HR data.

Very truly yours,

Kelly M. Dermody

cc via ECF:    Joseph Baumgarten, Esq.
Katharine Parker, Esq.
Gershom Smith, Esq.
Adam Klein, Esq.
Cara E. Greene, Esq.
Rachel Geman, Esq.
Heather H. Wong, Esq.