# OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

August 31, 2011

**Via ECF**
The Honorable Joseph F. Bianco
100 Federal District Plaza
Central Islip, New York 11722

     Re: *Calibuso v. Bank of America, Corp.*, No. 10 Civ. 1413 (JFB)

Dear Judge Bianco:

  We represent Plaintiffs in the above-referenced gender discrimination class and collective action on behalf of female Financial Advisors at Bank of America. We write to request a pre-motion conference to address Plaintiffs' proposed motion under Federal Rules of Civil Procedure 15(a) to amend the Second Amended Complaint ("SAC").[1] Plaintiffs seek to amend their complaint to clarify and streamline their class action allegations in light of *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (June 20, 2011) and the evidence developed in discovery. Specifically, the three meaningful differences between the SAC and the proposed Third Amended Complaint ("TAC") are: (1) the TAC sets forth additional facts supporting Plaintiffs' disparate impact theories of discrimination; (2) the TAC narrows the class period and class definitions, and; (3) the TAC clarifies that, under Rule 23(c)(4), Plaintiffs will seek liability-phase class certification under Rule 23(b)(2) and damages phase class certification under Rule 23(b)(3).[2]

  Plaintiffs' proposed amendment satisfies the liberal standards of the Federal Rules of Civil Procedure, which provides that "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). In the Second Circuit, a "motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (court should "allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). None of the bases for denying amendment are present.

**There Is No Prejudice to Defendants**

  Defendants would not be prejudiced by Plaintiffs' proposed amendment, which is reason in itself to allow it. *See Care Envtl. Corp. v. M2 Techs. Inc.*, No. 05-1600, 2006 WL 2265036, at *6 (E.D.N.Y. Aug. 8, 2006) (holding that opposing party did not meet its burden of showing prejudice where case was begun a little over a year ago, discovery was still open, and the new claims arise out of the same set of transactions and occurrences already raised in the action). To

---

[1] Defendants have refused to stipulate to the filing of the proposed Third Amended Complaint (attached to this letter as Exhibit A), and they have not yet provided reason for that refusal.
[2] The amendment also adds to and updates some of the factual allegations for the named plaintiffs. These changes, however, are minor and would not cause prejudice to Defendants as they had notice of most of these changes through the EEOC charges filed by the Plaintiffs.

demonstrate prejudice under Rule 15(a), Defendants must establish that the amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *Block*, 988 F.2d at 350.

The proposed amendment would not significantly delay the resolution of the dispute nor require Defendants to expend significant additional resources because it does not change the nature or broaden the scope of Plaintiffs' claims. As to the impact on the case timetable, this case is still in discovery. In fact, Defendants still have two motions on the pleadings pending – the Motion to Dismiss and/or Strike Class Claims (ECF No. 98) and the Partial Motion to Dismiss (ECF No. 65). No trial date has been set and no motion for summary judgment has been filed. *See Fluor*, 654 F.2d at 856 (holding that district court abused its discretion in denying leave to amend because, "[a]t the time plaintiffs requested leave to amend, no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants.").

With respect to discovery, much of what has happened to date – the production of relevant policy documents, the Court-ordered data production, and 30(b)(6) depositions of company officers who drafted or implement company policies – has been relevant to the disparate impact theory of Title VII. Consequently, Plaintiffs are now in a better position to particularize facts supporting their claims. Moreover, there are still several months left to the discovery period in this case. Even if Defendants could articulate additional discovery that they wanted to take in light of the amendments, they have plenty of time to do so. *See United States v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("[T]he adverse party's burden of undertaking [additional] discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading").

**There Is No Undue Delay or Bad Faith**

There is no undue delay or bad faith on Plaintiffs' part in moving for an amendment. *Cf. Middle Atl. Utils. Co. v. S.M.V. Dev. Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) (finding that "[t]he three-year delay from filing of the initial complaint is an inadequate basis for denying a motion to amend").

Plaintiffs alerted Defendants to the possibility of amending the complaint on August 11, 2011, soon after they had the chance to evaluate how courts were applying *Wal-Mart*. *See, e.g., United States v. City of New York*, No. 07-CV-2067, 2011 WL 2680474, at *6 (E.D.N.Y. July 8, 2011) (denying Defendants' motion to decertify the liability phase class for disparate impact and pattern-and-practice disparate treatment violations under Rule 23(b)(2)). Although Defendants filed their Motion to Dismiss and/or Strike Class Claims before Plaintiffs could apply to amend the complaint, this is precisely why Defendants' motion was premature and inefficient – Defendants should have waited until Plaintiffs had the opportunity to fully develop their class certification record to raise their *Wal-Mart* arguments. *See* Letter from Rachel Geman to Judge Bianco (June 29, 2011) (ECF No. 70).

**The Amendment Is Not Futile**

The amendment is not futile. Generally, amendments are considered futile if they fail to state a claim; here, the TAC states various claims that survive 12(b)(6). *See Dougherty v. Town*

*of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if the proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."). Even Defendants have not argued that Plaintiffs' complaint can be dismissed on the pleadings in its entirety.

To the extent that Defendants dispute whether the amendments would accomplish Plaintiffs' goal of clarifying the class claims and further illustrating how the case will be managed as a class action, such issues are in any event "more appropriately addressed in the context of [the] motion[] to certify the proposed class[]." *Acad. of Ambulatory Foot Surgery v. Am. Podiatry Ass'n*, 516 F. Supp. 378, 383 (S.D.N.Y. 1981). The Court should permit Plaintiffs to amend their complaint and defer the class certification issues until the appropriate time and based on a full record.

If, alternatively, the Court were to decide now (at the pleading stage) whether "the amendments will enhance the likelihood of class certification," it should find that it does. *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 104 (S.D.N.Y. 2010). The amendments highlight the differences between this case and *Wal-Mart*. The TAC clarifies that the case is based first and foremost on disparate impact caused by Defendants' uniform and unvalidated compensation and account distribution systems. Unlike in *Wal-Mart* where the Court could not identify "a common mode of exercising discretion that pervade[d] the entire company," 131 S. Ct. at 2554-2555, this case challenges common, specific, unvalidated employment practices – a method of proving class-wide discrimination that is specifically authorized by *Wal-Mart*. *Id.* at 2555-2556; *City of New York*, 2011 WL 2680474, at *6-11. *See also* Letter from Rachel Geman to Judge Bianco (June 29, 2011) (ECF No. 70).

The amendments also clarify that Plaintiffs intend to seek liability-phase class certification under Rule 23(b)(2) and damages phase class certification under Rule 23(b)(3). This is consistent with Second Circuit precedent and has been permitted already in the Eastern District after *Wal-Mart*. *See, e.g.*, *City of New York*, 2011 WL 2680474, at *6-11.

Because the federal rules favor allowing Plaintiffs to amend their complaint where there is no prejudice, undue delay, bad faith, or futility, Plaintiffs respectfully request a pre-motion conference to allow them to file a motion to amend the complaint.

Sincerely,

Adam T. Klein

cc:  All counsel of record (via ECF)