EXHIBIT 2

# CHARGE OF DISCRIMINATION

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>■ EEOC | 510-2007-03174 |

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

Florida Commission on Human Relations and EEOC
*State or local Agency, if any*

| NAME (indicate Mr., Ms. or Mrs.)<br><br>Ms. Julie Moss | HOME TELEPHONE (include area code)<br>REDACTED |
|---|---|
| STREET ADDRESS           CITY, STATE AND ZIP CODE<br>REDACTED | DATE OF BIRTH<br>REDACT |

NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| NAME<br><br>Bank of America Investment Services, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br><br>Cat. D (500+) | TELEPHONE (include area code)<br><br>(800) 432-1000 |
|---|---|---|
| STREET ADDRESS           CITY, STATE AND ZIP CODE<br><br>Bank of America Corporate Center, 100 N. Tryon St., Charlotte, NC 28255 | | COUNTY |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ■ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
■ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST
LATEST 2004 - Present
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

Please see attached.

■ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedure.

NOTARY - (When necessary for State and Local Requirements)

*/s/ Julie K. Moss*   3 April 2007

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

*/s/ Leslie V. Godwin*

I declare under penalty of perjury that the foregoing is true and correct.

3 April 2007      */s/ Julie K. Moss*
Date              Charging Party
(signature)

SUBSCRIBED AND SWORN TO BEFORE ME
THIS DATE
(Day, month, and year)
3rd day of April 2007

Leslie V. Godwin
Commission # DD578939
Expires July 30, 2010
Bonded Troy Fain - Insurance, Inc. 800-385-7019

## Affidavit of Julie K. Moss
### Moss v. Bank of America Investment Services, Inc.

1. This gender discrimination and retaliation charge is filed on behalf of me, Julie K. Moss, and others similarly situated. Like other female employees of Bank of America Investment Services Inc. (hereafter "BofA"), I have been harmed by a continuing policy, pattern or practice of sex discrimination in violation of Title VII of the Act, codified as Subchapter VI of Chapter 21 of Title 42 of the United States Code, 42 U.S.C. § 2000e[1] et seq., and Fla. Stat. § 760.10.

2. I was hired by BofA on March 15, 2003, as an Assistant Vice President/Financial Advisor.

3. I believe that BofA denied me compensation and extra bonuses that it made available to similarly-situated male employees. BofA routinely distributed business opportunities, including accounts from departing brokers, referrals, leads, potential clients, and more advantageous partnerships with different BofA departments, to male advisors rather than to female advisors. For instance, when Joan Bavi left (as a result of harassment and discrimination by her supervisor, Joe Carrington), BofA allowed Rick Abbott to choose the accounts he wanted from her book of business. When Lara Burdack switched from BofA investments back to the bank side of the business as a premier partner, she made a spreadsheet of her clients and who she thought would be the best fit for them (Rick Abbott, Michael Schaeffer, or me). Bank of America investments is a subsidiary of Bank of America. Mr. Carrington, Market Director, disregarded her input and gave almost all the fee-based clients and the annuity clients with large trails to Rick Abbott.

4. In March 2006 Mr. Carrington hired Michael Schaeffer from AG Edwards. Mr. Schaeffer had been a very small producer at AG Edwards, where he handled in-house accounts that were so small that no one else wanted them. When Mr. Schaeffer arrived, Mr. Carrington forced me to move out of my primary downtown office. At the time, I was in first place with the highest revenue in the Tallahassee market. BofA made me move into a smaller office downtown and forced me to buy my own desk. According to Lewis Fogel, Senior Vice President, Senior Regional Investment Executive, and Mr. Carrington's supervisor, I am the only Financial Adviser in his region who was forced to buy my own desk. When I left BofA in October, 2006, I was still number one in the Tallahassee Market; my revenues/production for the previous 12 months was $335,000.

5. On June 13th, 2006, I contacted BofA's human resources department ("HR") and filed a claim of gender discrimination and hostile work environment. I told HR that I feared for my job, that Mr. Carrington was intentionally harassing me and interfering with my production, and that all of the stress was making me physically ill. A meeting was set for July 11, 2006 in Jacksonville. To my dismay, HR was not present at this meeting. The only people in attendance were Mr. Carrington, Mr. Fogel, and me. I believe that this meeting was retaliation for my complaint.

6. Mr. Fogel finally reimbursed me for the desk I had to buy after I brought it to his attention at the July 11, 2006 meeting. There were many similar occurrences.
   - I was told I would have to call Mr. Carrington for preapproval to expense office lunches. For three years, I just filled out the expense report and did not have to speak with Mr. Carrington. To my knowledge no one else had to call for preapproval.
   - It took two months to get the phone set up at the new primary office Mr. Carrington had forced me into on Monroe Street, causing unease with my clients.
   - Mr. Carrington questioned trades and required me to call him for preapproval for trades. I had been in the business for seven years at that point, with no customer complaints, no questionable trades, and a clean U-4.

7. At the meeting on July 11, 2006, with Mr. Carrington and Mr. Fogel, Mr. Carrington informed me that I had two weeks to move out of the smaller office downtown on Monroe Street, which was blatant retaliation. I had spent

~~30.~~ .00) decorating it to try and make it not appear to my clients that I had been demoted since it was smaller office than the office Mr. Carrington forced me to give to Mr. Schaeffer.

8. BofA has also retaliated against me by threatening to come after me and my new employer (Morgan Stanley) if I file this EEOC complaint. I will provide a copy of that document as well.

9. BofA required Financial Advisers opening accounts for clients who had more than a certain net worth to go through the firm's Private Bank. Male employees were told to falsify documents to open accounts without going through the Private Bank, and did not suffer negative consequences for falsifying the documents and violating BofA's policy. For instance, on October 5th, Rick Abbott was told to falsify documents to open an account without going through the Private Bank. The client's name was Mark Clark as executor for James Clark. (Mr. Carrington's assistant, Matt Glass, instructed Mr. Abbott to falsify the documents. Witnesses to this incident include Nancy Thomas, Registered Assistant; Lara Burdack, Vice President at Bank of America; Yvonne Solario, Premier Market Manager for Tallahassee; and Carol Gallant, Vice President Private Bank at BofA. Ms. Gallant witnessed other similar incidents as well.) In contrast, I completed such documents truthfully and did not try to circumvent the Private Bank, but I was investigated and yelled at, and Mr. Carrington threatened to take my production that I generated from one particular high-value account.

10. BofA's discrimination and retaliation against me was extremely stressful and caused me health problems. Through this misconduct BofA constructively discharged me, forcing me to resign effective October 27, 2006. It is my understanding and belief that BofA has engaged in a continuing pattern or practice of discrimination against female financial advisors with respect to compensation, business allocation, and other terms and conditions of employment. Upon information and belief, the following individuals witnessed this discrimination or have information relevant to this claim:

- Joan Bavi REDACTED – witnessed Mr. Carrington's discrimination against female Financial Advisers.
- Lara Burdack REDACTED – witnessed Mr. Carrington's discrimination against women.
- Jeri Winkleblack REDACTED – witnessed BofA forcing me out of my office twice.
- Andrea Morris REDACTED – witnessed BofA forcing me out of my office twice.
- Carol Gallant REDACTED – witnessed discrimination against female Financial Advisers.
- Amy Lynn (former Financial Adviser) – witnessed Mr. Carrington's favoritism toward male Financial Advisers.
- Kristin Harrison REDACTED – worked in the same complex as Mr. Carrington in Jacksonville and witnessed his treatment of women.

11.  I would like this charge filed with the EEOC and the Florida Commission on Human Relations. I swear under penalty and perjury that I have read the above charge and that it is true and correct to the best of my knowledge, information and belief.

_____     _3 April 2007_
Julie K. Moss                                                  Date

_____     _4/2/2007_
Notary Public                                                 Date

**Leslie V. Godwin**
Commission # DD578939
Expires July 30, 2010
Bonded Troy Fain - Insurance, Inc. 800-385-7019

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Julie Moss<br>REDACTED | From: Miami District Office<br>2 South Biscayne Blvd.<br>Suite 2700<br>Miami, FL 33131 |

RECEIVED JUN 19 2008

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2007-03174 | Katherine E. Gonzalez,<br>Investigator | (305) 808-1766 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____  JUN 17 2008
Manuel Zurita,                      (Date Mailed)
Acting Director

Enclosures(s)

cc: Annette Torres                 Piper Hoffman, Esq.

    Stearns Weaver Miller          Outten & Golden LLP

    Museum Tower, Ste 2200         3 Park Avenue, 29th Floor

    150 West Flagler street        New York, NY 10016

    Miami, FL 33130