# EXHIBIT 4

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>■ EEOC | 560-2010-02049 |

Missouri Commission on Human Rights and EEOC
*State or local Agency, if any*

| NAME (indicate Mr., Ms. or Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Ms. Jean Evans | REDACTED |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| REDACTED | | REDA |

NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (include area code) |
|---|---|---|
| Bank of America Merrill Lynch | Cat. D (500+) | (636) 537-4500 |

| STREET ADDRESS   CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 400 Chesterfield Center Drive, Suite 200, Chesterfield, MO 63017 | St. Louis |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ■ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 12/17/07   LATEST present
■ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

## I. Overview of Allegations

1. This sex discrimination charge is filed on behalf of myself, Jean Evans, and all others similarly situated. Like other female employees of Bank of America Merrill Lynch ("Merrill Lynch"), I have been harmed by a continuing pattern and practice or policy of sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq and the Missouri Human Rights Act.

## II. Work History

2. I was hired as a Financial Advisor by Merrill Lynch on or about December 17, 2007. I am still employed by Bank of America Merrill Lynch as a Financial Adviser in its Chesterfield, Missouri office. I also worked as a Financial Advisor at various firms from 1997 to 2004, including Prudential, Walnut Street Securities, and MetLife. I was a manager at MetLife with the title Agency Director, and also received an award for being a Million Dollar Roundtable Producer.

(Continued on next page)

---

■ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedure.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 6-16-2010
Charging Party (signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

881763.1

## Jean Evans
Charge of Discrimination

The Particulars Are (continued):

### III. Claims

#### Gender Discrimination

3. I believe that I have been denied compensation and business opportunities made available to similarly-situated male employees.

4. Merrill Lynch has routinely distributed business opportunities -- including accounts from departing and retiring brokers, and more advantageous partnerships with other brokers -- to male Financial Advisors rather than to female Financial Advisors. As a result of the inequitable and discriminatory distribution of accounts and partnerships, female Financial Advisors have diminished income potential and diminished actual income as compared to similarly-situated male employees.

5. For example, when brokers departed the firm in January, March, and July 2009, I only received a few small accounts from their books of business; I did not receive any high-value accounts. Moreover, I was only assigned one small account from the book of business of the departing broker who left in July 2009. My immediate supervisor, the Resident Director for my office, took that account away from me without any explanation. In addition, a broker retired from the firm in Summer 2009 and another broker passed away in March 2010. Merrill Lynch did not assign me any accounts from those brokers' books of business.

6. Similarly, Merrill Lynch has denied me the opportunity to be part of a team or partnership despite my repeated requests to management. In or around March 2010, I requested to be put on a team or partnership by submitting a written request in person to the Managing Director/Complex Manager, Sales Manager, and Director. They said they would look into it and get back to me, but they failed to do so. In or around April 2010, a senior broker approached me about forming a partnership. I responded that I was very eager to partner with her, but she said she had to run it by our Resident Director. The senior broker later told me that the Resident Director would not approve the partnership. On or about April 29, 2010, I verbally asked my Resident Director to put me on a team or partnership. The Resident Director declined to assist me. On or about June 8, 2010, I met with the Managing Director/Complex Manager and Director again and repeated my request to be put on a team or partnership. They dismissed my request.

7. On or around May 12, 2010, I met with my Resident Director and asked why the Resident Director would not allow the senior broker who wanted to partner with me to do so. The senior broker has also offered to assign some accounts to me so that I could meet the $10 million annuitized assets and $15 million total assets thresholds required for my Paths of Achievement ("POA") graduation, which would entitle me to a $20,000 bonus. My Resident Director did not allow the senior broker to do this for me. My Resident Director told me that the Resident Director could not sign off on the senior broker giving me any accounts. However, both my Managing Director/Complex Manager and my Resident Director have allowed, and have even asked, senior brokers to assign accounts to junior male brokers so they could graduate from the POA training program.

8. I believe that Merrill Lynch has also discriminated against me with respect to other terms and conditions of employment based on my sex. For example, my Resident Director has excused a junior male Financial Advisor from all afternoon meetings, but has denied my requests to miss any meetings.

881763.1

### Sexual Harassment

9. I have been subjected to sexual harassment by Merrill Lynch. When I went into production in or around March 2008, Merrill Lynch assigned a mentor to me. My mentor, a male Financial Advisor, repeatedly made inappropriate comments to me, sent me inappropriate emails, told inappropriate jokes, and made sexual advances toward me. His conduct was severe and pervasive. For example, on several occasions, I have asked my mentor what I should do to prepare for an appointment with a client. He has responded by telling me I should wear short skirts, wear a push-up bra, and unbutton one more button on my blouse and lean over, among other things. When my client was a female, he asked me if she was "hot" and if he could come to my appointment with me so we could "have a three-way." In addition, he has told crude jokes to me and to others in my presence. I have asked him to stop doing so, but he has continued nonetheless. My mentor has also asked me if I want accounts. When I responded that I did, he leaned over, looked down my blouse, and asked "What are you going to give me?" and said "Quid pro quo." More recently, he has sent me emails attaching ads for bras. I later learned from a co-worker that my mentor has been talked to before about making inappropriate comments and jokes, yet Merrill Lynch assigned him to be my mentor nonetheless.

10. I have also been sexually harassed by my male Sales Manager/POA Coach, who Merrill Lynch has designated as my go-to person. On or about December 19, 2009, my Sales Manager/POA Coach forced himself on me at our holiday party. When I arrived for the party, my Sales Manager/POA Coach hugged me and leaned in to kiss me. When I turned away, he grabbed my face and kissed me on the mouth. The following Monday, December 21, 2009, my mentor called me into his office and reprimanded me for rejecting my Sales Manager's sexual advances. My mentor told me that I was not very nice to my Sales Manager, that he had a fragile ego, that I was rejecting him, and threatened that if I was not nicer to him, it could negatively affect my career. My mentor then told me that I had to apologize to my Sales Manager/POA Coach. I told my mentor that I was not going to. My relationships with my mentor and Sales Manager/POA Coach took a dramatic turn for the worse after that, and neither have helped me with my business.

11. I tried to find information to make a complaint about the unfair treatment and sexual harassment I have been receiving, but the information was not readily available and I had not received a copy of the company's employee manual. It was not until a co-worker gave me the number for Advice and Counsel that I was able to make a formal complaint to HR. On or about April 30, 2010, I called Advice and Counsel and was required to go through ten minutes' worth of automated prompts requiring me to identify myself, including by my social security number, before I could even leave a message; I could not reach a live person or make an anonymous complaint. Shortly thereafter, I received a return call from someone in HR. I told the HR representative that my Sales Manager/POA Coach had kissed me and that my mentor regularly made inappropriate comments to me. After a subsequent call with the HR representative, she told me that they would investigate and get back to me. The HR representative called me this week and asked again for the names of any witnesses. She told me that my Sales Manager/POA Coach was my go-to person and that I still needed to go to him for information and help. She also told me that they were continuing to investigate my complaints about my mentor, but that if they could not corroborate my story with witnesses, there was nothing they could do. When I asked for a different mentor, she responded that the company was not obligated to provide me with a mentor at all. On or about June 9, 2010, the HR representative asked me for any inappropriate emails that my mentor had sent me. She then called me to explain the emails, and I explained to her that whenever my mentor saw me talking to other male brokers or to male clients or prospects, he would ask me in front of them, "Are you guys fucking?" or "Are you doing him?" The HR representative responded by interrogating me about my sexual activity and whether or not I was flirting with co-workers. I told her I was not. I have seen no evidence that the Company takes my complaints seriously.

### IV.  Class Claims

12. It is my understanding and belief that Merrill Lynch has engaged in a continuing pattern or practice of discrimination against female Financial Advisers with respect to compensation, business allocation, and other terms and conditions of employment in the St. Louis, Missouri office and at other Merrill Lynch facilities.

881763.1

13. I would like this charge filed with the EEOC and the Missouri Commission on Human Rights. I swear under penalty of perjury that I have read the above charge and that it is true and correct to the best of my knowledge, information and belief.

881763.1

| CHARGE OF RETALIATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>■ EEOC | |

Missouri Commission on Human Rights and EEOC
*State or local Agency, if any*

| NAME (indicate Mr., Ms. or Mrs.) | HOME TELEPHONE (include area code) |
|---|---|
| Ms. Jean Evans | REDACTED |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| REDACTED | | REDA |

**NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (If more than one, list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (include area code) |
|---|---|---|
| Bank of America Merrill Lynch | Cat. D (500+) | (636) 537-4500 |

| STREET ADDRESS  CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 400 Chesterfield Center Drive, Suite 200, Chesterfield, MO  63017 | St. Louis |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ■ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
■ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 4/30/10   LATEST present
■ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

1. On or about April 30, 2010, I called Bank of America Merrill Lynch's Advice & Counsel number to make a formal complaint of sexual harassment.

2. On or about June 16, 2010, my attorneys submitted a Charge of Discrimination to the EEOC on my behalf, alleging class allegations of sex discrimination against female employees of Bank of America Merrill Lynch with respect to compensation and promotions, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. The charge number is 560-2010-02049.

3. On or about August 2, 2010, my attorneys filed an amended complaint against Bank of America and Merrill Lynch alleging sex discrimination. The amended complaint added me as a named plaintiff in the class action lawsuit, Case Number 10-cv-01413-JFB-WDW.

4. I believe that Bank of America Merrill Lynch has retaliated against me for challenging discrimination at the company.

5. The Advice & Counsel representative who says she is investigating my complaints of sex discrimination and sexual harassment has interrogated me about my sexual activity, informed me that Bank of America Merrill Lynch is now investigating me, and questioned me about my work performance. Ever since I made a formal complaint to the company, I feel I have been under attack by the company.

■ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedure.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

Date 10/9/10   [signature] Charging Party (signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

896147.1

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Jean Evans REDACTED | From: | St. Louis District Office Robert A. Young Bldg 1222 Spruce St, Rm 8.100 Saint Louis, MO 63103 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2010-02049 | Evelyn D. Silas, Investigator | (314) 539-7936 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

James R. Neely, Jr.
Director

AUG 1 9 2010
(Date Mailed)

cc:
Susan L. Gray
BANK OF AMERICA MERRILL LYNCH
400 Chesterfield Center Drive
Suite 200
Chesterfield, MO 63017

Robert Golterman
Lewis, Rice, Fingersh
Attorney At Law
600 Washington Ave
Suite 2500
St. Louis, MO 63101

Heather H. Wong
Lieff, Cabrasher, Heimann & Bernstein
Embarcadero Center West
275 Battery Street 30th Floor
San Francisco, CA 94111

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Jean Evans<br>REDACTED | From: | St. Louis District Office<br>Robert A. Young Bldg<br>1222 Spruce St, Rm 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

RECEIVED SEP 30 2011 LIEFF CABRASER HEIMANN & BERNSTEIN

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2011-00170 | Taj O. Harrell,<br>Investigator | (314) 539-7901 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*
James R. Neely, Jr., *for*
Director

SEP 27 2011
*(Date Mailed)*

Enclosures(s)

cc: Susan Gray
SVP & Manager
BANK OF AMERICA MERRILL LYNCH
400 Chesterfield Center Drive
Suite 200
Chesterfield, MO 63017

Attn: Heather H. Wong
Lieff Cabraser Heimann & Bernstein
275 Battery Street  29th Floor
San Francisco, CA 94111