**Proskauer»** Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

January 20, 2012

Katharine H. Parker
Member of the Firm
d 212.969.3009
f 212.969.2900
kparker@proskauer.com
www.proskauer.com

**By ECF**

Hon. Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

Re: *Calibuso, et al. v. Bank of America Corp., et al.* (10 cv 1413) (JFB)(ETB)

Dear Judge Bianco:

We write in response to Plaintiffs' Notice of Supplemental Authority filed earlier today, after oral argument on Defendants' motion to dismiss and/or strike the class claims. The Notice attaches a Report and Recommendation of the Hon. James C. Francis IV in *Chen-Oster v. Goldman, Sachs & Co*, No. 10-cv-6950 (S.D.N.Y. Jan. 19, 2012), recommending denial of the defendant's motion to strike the class claims. We ask that the Court consider this response in its determination of Defendants' motion.

The outcome of the defendant's motion in the *Chen-Oster* case should not be determinative in this matter for several reasons. First, plaintiffs' oral argument made clear that it is not gender-neutral "common" policies themselves that are the focus of their complaint, but rather, the conduct and past conduct of individual managers in thousands of unique situations – conduct that allegedly took a valid criterion (past performance) and rendered it "tainted." However, plaintiffs may seek to recast it, their claim was, and still is, precisely the kind of class claim that the Supreme Court addressed in *Dukes*.

In *Chen-Oster*, the plaintiffs are challenging allegedly coordinated decisions by a "small core of managers," whereas in this case plaintiffs admittedly challenge thousands of unique and disparate decisions by hundreds of managers across the country at different companies and under different policies, none of which involve the same FAs or client accounts. The Court in *Chen-Oster* thought that plaintiffs in that case might be able to conduct discovery and gather common proof to support their allegations of a common course of discriminatory conduct by this small group. The same is not true here. Indeed, the District Court in *McReynolds v. Merrill Lynch*, 2011 U.S. Dist. LEXIS 115431 (N.D. Ill. Sept. 19, 2011), recognized that virtually identical claims were incapable of common proof when denying plaintiffs' motion for class certification.

Further, in this case, the parties have already conducted full class certification discovery, and yet the Third Amended Complaint still is devoid of facts that would render it plausible (i) that hundreds of branch managers in thousands of unique account distribution decisions all intentionally discriminated against female FAs (through "gifts" and "favoritism"); (ii) that the gender-neutral and production-based policies were adopted with discriminatory intent[1]; or (iii)

---

[1] Plaintiffs admitted that they do not have proof of this. See fn.9 of Plaintiffs Memorandum of Law in Opposition to Defendants' Motion to Dismiss and/or Strike the Class Claims in the Third Amended Complaint.

# Proskauer»

Hon. Joseph F. Bianco
January 20, 2012
Page 2

that the intentionally discriminatory conduct of individual managers was actually the cause of female FAs being lower producers than men (as opposed to differences in client networks, product mix, and myriad other variables) or tenable that their claims could be proved through common proof. Likewise, plaintiffs have failed to identify the type of facts or proof they could use to establish commonality given the holding in *Dukes v. Wal-Mart* that statistical and anecdotal proof will be insufficient. They also have failed to identify any specific questions that could be answered through common proof for all the proposed class members in one stroke. Thus, this case is procedurally closer to the *Scott v. Family Dollar* case (slip opinion previously submitted), where discovery had been conducted, but where the court recognized that further discovery would be futile given the allegations. *See also Bell v. Lockheed Martin* (slip opinion previously submitted). The Court need not pre-judge facts to grant Defendants' motion. Even assuming the scant facts plead are true (which Defendants deny), the facts are insufficient to render the class claims plausible, and the allegations as pled render them incapable of common proof and legally untenable. The Second Circuit does not preclude dismissal of class claims in these circumstances, and Supreme Court authority demands it. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Brown v. Coach Stores*, 163 F.3d 706 (2d Cir. 1998).

Third, unlike in *Chen-Oster*, plaintiffs' class claims in this action that target production-based policies and criteria are legally untenable because such policies and criteria are explicitly protected by Title VII, the EPA and state law. *See Goodman v. Merrill Lynch and McReynolds v. Merrill Lynch. See also Gibson v. Jacob K. Javits Conv. Center*, 1998 U.S. Dist. LEXIS 3717 (Mar. 23 1998) (dismissing EPA claims on Rule 12 motion).

For all these reasons, *Chen-Oster* is distinguishable.

Respectfully,

PROSKAUER ROSE LLP

By: *Katharine H. Parker*
Katharine H. Parker
Joseph Baumgarten
Gershom Smith
Counsel for Defendants

cc: Plaintiffs' Counsel of Record