

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

February 28, 2012

Katharine H. Parker
Member of the Firm
d 212.969.3009
f 212.969.2900
kparker@proskauer.com
www.proskauer.com

**By ECF**

Hon. Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

Re:  *Calibuso, et al. v. Bank of America Corp., et al.* (10 cv 1413) (JFB)(ETB)

Dear Judge Bianco:

We write in response to Plaintiffs' Notice of Supplemental Authority filed on Friday concerning the decision by the Court of Appeals for the Seventh Circuit in *McReynolds v. Merrill Lynch Pierce Fenner & Smith, Inc.*, No. 11-3639 (7th Cir. Feb. 24, 2012).

The decision in *McReynolds* affirmed the district court's determination that the plaintiffs' pattern and practice disparate treatment and damages claims did not satisfy the standards for proceeding as class claims under Federal Rule of Civil Procedure 23, and holding that only very narrow disparate impact questions with regard to the account distribution and teaming policies potentially could be resolved on a class wide basis if the plaintiffs could demonstrate that the policies were the cause of a disparate impact. The court's decision made clear that where the claims are aimed at individual manager discretion, however, the Supreme Court's recent decision in *Wal-Mart Stores Inc. v. Dukes* precludes class treatment.  Nothing in *McReynolds* precludes dismissal of the class claims in this case.

Account Distributions

Unlike in *McReynolds*, plaintiffs' counsel in this case made clear at oral argument that their challenge to the account distribution policy requires them to show that in the past, the performance of male brokers had been helped by individual manager gifts and favors.  Their explanation made clear, therefore, that it is not the impact of a common policy they are challenging, but rather, that they are seeking to prove that individual managers at some unspecified time in the past routinely exercised their discretion in discriminatory ways that favored male financial advisors, rendering past performance a criterion for assigning accounts suspect.[1]  However, Plaintiffs' Third Amended Complaint is devoid of facts supporting their contentions, falling woefully short of their pleading obligation.

Further, their contention requires them to prove that individual managers routinely intentionally discriminated against women and that this resulted in women receiving less "valuable" account distributions and that this caused them to have lower production than men.  This is the very type of contention that the Supreme Court in *Wal-Mart* held cannot be demonstrated through common

---

[1] Defendants dispute plaintiffs' characterization of the policy and their assertion of discrimination.

**Proskauer»**

Hon. Joseph F. Bianco
February 28, 2012
Page 2

proof.[2]  *See Walmart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  Indeed, Plaintiffs could not say at oral argument or in their briefs what proof they have that would render their claims plausible or capable of common proof.  In addition, unlike in *McReynolds*, the plaintiffs in this action contend that individual managers deviated from the account distribution policy or, alternatively, exercised their discretion under the policy to favor men – contentions that preclude class wide treatment under either a disparate impact or disparate treatment theory because they cannot be demonstrated through common proof.

Moreover, the Seventh Circuit did not have the opportunity to address other arguments raised by defendants in this case, including that a disparate impact claim attacking the production-based ranking criteria of the Merrill Lynch account distribution policy is barred by section 703(h) of Title VII and similar state laws.  The statute and relevant Supreme Court authority require dismissal of the disparate impact claims for this separate reason.

Additionally, the Seventh Circuit decision runs counter to Second Circuit authority and the Supreme Court's decision in *Wal-Mart* because the common policy does not supply the "glue" holding a claim together if in fact what plaintiffs are challenging is individual manager's exercise of discretion under, or deviation from, the policy.  *See Myers v. Hertz*, 624 F.3d 537, 549 (2d Cir. 2010) (merely pointing to a common policy does not render a claim capable of class treatment if individualized analysis is required to determine how policies were implemented and affected each class member); *Scott v. Family Dollar Stores, Inc.*, No. 08 Civ. 0540, 2012 U.S. Dist. LEXIS 4669, *11-*14 (W.D.N.C. Jan. 13, 2012) (same); *Edwards v. Publs. Circulation Fulfillment*, 268 FRD 181, 188-189 (S.D.N.Y. 2010); *Diaz v. Elec. Boutique of Am., Inc.*, No. 04 Civ. 0840E, 2005 U.S. Dist. LEXIS 30382, *23-25 (W.D.N.Y. Oct. 17, 2005 (same).

In order to demonstrate disparate impact, the plaintiffs must point to a common policy and then demonstrate that it was the cause of a disparate impact.  Merely ascertaining the number of accounts transferred to women and the asset size of those accounts would not be sufficient to ascertain whether Merrill Lynch's account distribution policy had a disparate impact on women.  Without knowing, among other things, which financial advisors decided not to participate in a particular distribution, which accounts financial advisors chose through the draft, which accounts were considered the most desirable accounts in a particular distribution, and whether there were any deviations from the policy, there is no way to determine if, in fact, women were disparately impacted or discriminated against in any particular distribution or as a class.  There simply is no way to ascertain impact, causality or injury with respect to all female financial advisors nationwide through common proof.  This is why the Third Amended Complaint was devoid of factual support for the allegation and why plaintiffs were incapable of identifying the common proof on which they would rely.

---

[2] Their contention also raises substantial statute of limitations issues.

**Proskauer»**

Hon. Joseph F. Bianco
February 28, 2012
Page 3

Finally, the *McReynolds* decision underscores why there can be no disparate impact or treatment claim with respect to the process for distributing accounts at Banc of America Investments ("BAI") because, unlike at Merrill Lynch, it is undisputed that at BAI, individual branch managers had discretion to determine the criteria by which accounts would be distributed after the departure of a financial advisor pursuant to guidelines.

Partnering

The original legacy BAI plaintiffs do not have any complaints about their ability to partner with other financial advisors, and the Merrill Lynch plaintiffs do not have a cause of action aimed at Merrill Lynch's partnering process in their Third Amended Complaint. Nevertheless, even if Merrill Lynch's partnering process could be characterized as a "teaming policy" and was challenged here, there is no way the process could be the subject of a disparate impact claim. Merely ascertaining the number of women who joined teams during the relevant period would not reveal whether the women who are not on teams are not on teams due to their own choice or due to discrimination by other financial advisors or due to other legitimate factors. Even if women were underrepresented on teams (a contention Defendants dispute), without knowing the number of women who wanted to join teams during the relevant period or the number of financial advisors who declined to team with other women (inquiries that are highly individualized), there is no way to determine if women are underrepresented because of a lack of desire to team or because of the alleged "teaming policy." Thus, there is no way to demonstrate disparate impact through common proof. The Seventh Circuit agreed with the district court that any disparate treatment claim challenging teaming practices would not be appropriate for class treatment.

Conclusion

For all of the above reasons, the *McReynolds* decision mandates dismissal of the pattern and practice disparate treatment claims and does not preclude dismissal of the disparate impact claims in this action.


Respectfully,

PROSKAUER ROSE LLP

By: /s/ Katharine H. Parker
      Katharine H. Parker
      Joseph Baumgarten
      Gershom R. Smith
      *Counsel for Defendants*

cc:    Plaintiffs' Counsel of Record

27483361v2