**Proskauer**  Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

April 23, 2012

Katharine H. Parker
Member of the Firm
d 212.969.3009
f 212.969.2900
kparker@proskauer.com
www.proskauer.com

**By ECF**

Hon. Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

Re:  *Calibuso, et al. v. Bank of America Corp., et al.* (10 cv 1413) (JFB)(ETB)

Dear Judge Bianco:

We represent Defendants in the above-captioned matter and write in response to Plaintiffs' submission of District of New Jersey's March 30, 2012 decision in *Barghout, et al. v. Bayer Healthcare Pharmaceuticals, et al*.

In *Bayer,* the Court found that the plaintiffs had sufficiently pled a disparate impact claim and that it was premature, without discovery, to strike the class claim of disparate impact.  *Bayer* is distinguishable from this case for a number of reasons:

- First, the law precludes disparate impact claims that challenge production-based policies such as Defendants' production-based compensation and account distribution ranking criteria.  *See* Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss And/Or Strike Class Claims in Plaintiffs' Third Amended Complaint at p. 5 and Defendants' 703(h) and EPA Motion.

- Second, in this case, unlike in *Bayer*, substantial discovery was conducted prior to Plaintiffs' filing the Third Amended Complaint, yet it is still devoid of facts supporting the class claims.  Indeed, Plaintiffs could not say at oral argument or in their briefs what proof they have that would render any of their class claims plausible or capable of common proof.   Nor could they point to any evidence that the account distribution or other alleged policies and practices had a disparate impact on women or caused women to have lower production than men.

- Finally, it is undisputed that here, unlike in *Bayer*, men and women are paid at the same rate based on production, making any EPA claim untenable.

This case is more akin to *Scott v. Family Dollar Stores, Inc.*, 2012 U.S. Dist. LEXIS 4669 (W.D.N.C. Jan. 13, 2012), submitted to the Court by Defendants on January 16, 2012.  There, before the close of discovery, defendant moved to dismiss and/or strike plaintiffs' Title VII and



Hon. Joseph F. Bianco
April 23, 2012
Page 2

EPA class claims. The District Court dismissed the class claims pursuant to Fed. R. Civ. Proc. 12(b)(6), holding that under *Wal-Mart*, the class allegations of gender discrimination in pay, which – like Plaintiffs' here – rested on a theory that defendant's purported use of subjective decision-making created salary disparities between male and female employees, could not be sustained as a matter of law.

As discussed in Defendants' briefs and prior letters to the Court, the Third Amended Complaint is devoid of factual support for Plaintiffs' allegations, and there simply is no way to ascertain impact, causality or injury with respect to all female financial advisors nationwide through common proof. Plaintiffs have had an ample opportunity to investigate and plead their class claims, and no further discovery can assist them when it is clear that their theories are legally and factually unsustainable.

For these reasons as well as the reasons set forth in Defendants' briefs and prior letters, Defendants' Motion should be granted.

Respectfully submitted,

/s/ Katharine H. Parker

cc:   Plaintiffs' Counsel of Record
      Joseph Baumgarten
      Gershom R. Smith

28473941v2