**OUTTEN & GOLDEN LLP**
Adam T. Klein
Cara E. Greene
Reena Arora
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**LIEFF CABRASER HEIMANN &
   BERNSTEIN, LLP**
Kelly M. Dermody, *admitted pro hac vice*
Heather H. Wong, *admitted pro hac vice*
Alison M. Stocking, *admitted pro hac vice*
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

**LIEFF CABRASER HEIMANN &
   BERNSTEIN, LLP**
Rachel Geman
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JUDY CALIBUSO, JULIE MOSS, DIANNE GOEDTEL, JEAN EVANS, and MARY DESALVATORE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>BANK OF AMERICA CORPORATION; MERRILL LYNCH & CO., INC.; and MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,<br><br>Defendants. | 10 Civ. 1413 (JFB) (ETB)<br><br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE CLASS CLAIMS IN PLAINTIFFS' THIRD AMENDED COMPLAINT** |

Plaintiffs hereby respond to Defendants' September 11, 2012 submission of *McReynolds v. Merrill Lynch & Co., Inc.*, No. 11-1957 (7th Cir. Sept. 11, 2012) ("*McReynolds II*") (Dkt. 132), as supplemental authority. Unlike this case, *McReynolds II* involves a retention bonus program not challenged here. Moreover, the Seventh Circuit in that case *expressly contrasts* the retention bonus challenge in *McReynolds II* with the valid claims recognized by the Seventh Circuit in *McReynolds v. Merrill Lynch*, 672 F.3d 482 (7th Cir. 2012) (*McReynolds I*), previously submitted as supplemental authority by Plaintiffs here on February 24, 2012 (Dkt. 126).[1] Like the Plaintiffs here, plaintiffs in *McReynolds I* challenged Merrill Lynch's financial advisor account distribution and teaming policies, among other issues, that they claimed cause a disparate impact against African Americans. These are exactly the same policies the *Calibuso* Plaintiffs and the proposed Class of female financial advisors challenge here. Plaintiffs respectfully submit that the two *McReynolds* opinions further confirm that Defendants' motion to dismiss and/or strike class claims should be denied, and that 703(h) does not insulate Defendants from liability for sex discrimination for any of the well-pleaded practices at issue in this case.[2] (Dkt. 108 (Third Amended Compl.), at ¶¶ 45-73.)

When Bank of America acquired Merrill Lynch, Merrill Lynch offered a retention-incentive program to pay special bonuses to financial advisors based on their earlier levels of production. *McReynolds II* held that these special bonuses were protected under 703(h). In so doing, the Seventh Circuit, no fewer than *seven* (7) times throughout the opinion, emphasized in

---

[1] In *McReynolds I*, the Seventh Circuit granted a Fed. R. Civ. Proc. 23(f) appeal and reversed the denial of class certification to a class of African American financial advisors challenging as discriminatory account distribution, teaming, and other employment practices at Merrill Lynch.
[2] As the Court is aware, § 703(h) of Title VII (codified at 42 U.S.C. § 2000e-2(h)) protects bona fide seniority or merit systems, or systems that measure earnings by production, from challenge as unlawful employment practices absent an intent to discriminate.

various ways that Merrill Lynch was not immune from discrimination (intentional or not) in underlying practices, such as account distribution practices, that caused class members to have lower levels of production and, therefore, to have lower retention bonuses.  (*McReynolds II*, at 3, 5-6, 13, 21 n.7, 26, 29, 30-31).

Notably, the court went beyond simply contrasting the different kinds of policies at issue in the two *McReynolds* lawsuits, and the relative adequacy of their respective allegations of intentional discrimination, for purposes of illustration.  It clarified that damages resulting from the unfair differences in amounts between retention bonuses for African-Americans and for whites would properly be remedied in the *McReynolds I* lawsuit, which attacks the underlying account distribution and teaming practices allegedly affecting the criterion on which retention bonuses were based.   As the *McReynolds II* court summarized:

> All the named plaintiffs are also plaintiffs in *McReynolds I*, and the *McReynolds I* litigation challenges the underlying employment practices that are alleged to have caused differences in brokers' production credits, and by extension in the retention awards.  The plaintiffs will be able to obtain *complete relief* in *McReynolds I* because any loss relating to reduced retention awards based on lower production credits can simply be treated as part of the damages in that case should the plaintiffs prevail on the merits.

(*Id.* at 30-31.) (Emphasis added.)

As Plaintiffs have consistently explained in earlier submissions, the female financial advisors in this lawsuit do *not* challenge the retention bonus.  Instead, they challenge account distribution, teaming and partnership, and other facets of the compensation system, like in *McReynolds I*.  Plaintiffs here, like the plaintiffs in *McReynolds I* (who had the opportunity to develop a full class certification record), seek the opportunity for discovery in their case and to move for class certification in order to remedy the systemic failings they allege they and Class members have suffered.

1057360.1

There are, of course, other relevant factors also distinguishing *McReynolds II* from this litigation, including the fact that the Second Circuit -- in cases such as *Association of N.Y. City Police Dept., Inc. v. Civil Service Commission*, 633 F.2d 232 (2d Cir. 1980) -- has taken a narrower view of 703(h) than the Seventh Circuit has. Plaintiffs here have also identified additional and different reasons that Defendants' compensation system does not satisfy 703(h).[3]

Plaintiffs agree with Defendants that *McReynolds II* is relevant supplemental authority and submits that the *McReynolds I and II* litigation – closely but not wholly analogous to this case -- and other authority Plaintiffs have submitted since oral argument on January 17, 2012 confirm that Plaintiffs' class discrimination claims should go forward.

Dated: September 13, 2012                                    Respectfully submitted,

By:   */s/ Rachel Geman*
            Rachel Geman

LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
Rachel Geman
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  (212) 355-9500
Facsimile:   (212) 355-9592

---

[3] Among other things, Plaintiffs' allegations here relating to the compensation grid itself (and the ways it is non-mechanical in operation), based on carefully-developed evidence, are distinct from and more developed than in *McReynolds I*.

        LIEFF, CABRASER, HEIMANN &
         BERNSTEIN, LLP
        Kelly M. Dermody, *admitted pro hac vice*
        Heather H. Wong, *admitted pro hac vice*
        Alison M. Stocking, *admitted pro hac vice*
        275 Battery Street, 29th Floor
        San Francisco, CA  94111-3339
        Telephone:  (415) 956-1000
        Facsimile:   (415) 956-1008

        OUTTEN & GOLDEN LLP
        Adam T. Klein
        Cara E. Greene
        Reena Arora
        3 Park Avenue, 29th Floor
        New York, New York 10016
        Telephone:  (212) 245-1000
        Facsimile:   (212) 977-4005

        *Attorneys for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I, Alison M. Stocking, under penalties of perjury, certify the following as true and correct: I am not a party to this action, and I am over 18 years of age. On this 13th day of September, 2012, pursuant to Local Civil Rule 5.2, I served a true and correct copy of Plaintiffs' Response to Notice of Supplemental Authority, by causing same to be filed electronically with this Court by using the ECF system. All counsel in this action are registered ECF users.

Executed this 13th day of September, 2012 at San Francisco, California.

*/s/ Alison M. Stocking*
Alison M. Stocking

- 5 -

1057360.1