UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JUDY CALIBUSO, *et al.*,

                Plaintiffs,                      **MEMORANDUM & ORDER**

        -against-                                  10-CV-1413 (PKC)

BANK OF AMERICA CORPORATION, *et al.*,

                Defendants.

-----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      For purposes of its decision, this Court assumes familiarity with the substance of this putative class and collective action involving the alleged discrimination against female financial advisors, or "brokers," at Banc of America Investment Services, Inc. and Merrill Lynch, Pierce, Fenner & Smith, Inc. *Calibuso v. Bank of Am. Corp.*, 893 F. Supp. 2d 374 (E.D.N.Y. 2012) (Bianco, J.). On September 6, 2013, the parties,[1] by and through their counsel at the time, submitted a proposed settlement (the "Settlement") in this action for this Court's preliminary approval. (Dkt. No. 153.)

      A hearing on preliminary approval of the Settlement (the "preliminary approval hearing") was originally scheduled for September 19, 2013, but was converted into a status conference after Named Plaintiff Judy Calibuso ("Ms. Calibuso") unexpectedly retained new counsel ("Calibuso Counsel"). (Scheduling Orders, dated Sept. 9, 2013 & Sept. 18, 2013.) The

---

[1] In accordance with this Court's Order, dated September 19, 2013, the Clerk of the Court is directed to amend the caption to reflect the addition of Kathleen Mary Wing as a Named Plaintiff.

preliminary approval hearing was rescheduled for October 9, 2013. (Order, dated Sept. 19, 2013.)

At the eleventh hour, less than ten days before the preliminary approval hearing, Calibuso Counsel filed a motion for Cathy Bender ("Ms. Bender"), a class member, and Maroc Howard ("Mr. Howard"), a non-class member, (collectively, the "Intervenors") to intervene in this action, as of right or by permission (the "Motion").[2] Their proposed intervention is significant in one respect: Ms. Bender and Mr. Howard are also named plaintiffs and class representatives in *McReynolds v. Merrill Lynch & Co., Inc.*, No. 05-CV-6583 (N.D. Ill.), a similar class action alleging discrimination against African-American financial advisors. (Dkt Nos. 167 ("Intervenors' Motion"), at 1-2; 167-1 ("Intervenors' Complaint") ¶¶ 6-7.)

*McReynolds* has reached a close-to-parallel stage in the settlement process: a month ago, the district court preliminarily approved a proposed settlement. Preliminary Approval Order, *McReynolds*, No. 05-CV-6583 (N.D. Ill. Sept. 4, 2013), ECF No. 589. As a result, the Intervenors now argue, on behalf of African-American financial advisors, that the "achievements" in the proposed *McReynolds* settlement "will be harmed by the proposed *Calibuso* Settlement." (Intervenors' Motion, at 2; *see* Intervenors' Complaint ¶ 27.) Despite the Intervenors' description of the relief they seek as "simple and direct" (Intervenors' Complaint ¶ 39), if granted, it would hijack the Settlement.

---

[2] In its discretion, this Court has already accommodated a request from Calibuso Counsel to consider Ms. Calibuso's objections to the Settlement, *prior to* the preliminary approval hearing, in recognition of her special status as a Named Plaintiff. (Order, dated Sept. 19, 2013.) This Court's consideration of *pre*-preliminary approval hearing objections is already an exception, albeit a helpful one, to the settlement process. *See* Manual for Complex Litigation § 21.632 (4th ed.) (stating that, at the preliminary approval hearing, "it is often prudent to hear not only from counsel but also from the named plaintiffs").

This Court, in addition to finding that the Motion was filed in violation of its Individual Rules (*see* Rules 3(C)-(D)), *also* denies the Motion, for the reasons set forth below.

I. Discussion

Federal Rule of Civil Procedure ("FRCP") 24(a) provides for intervention *of right*:

> [T]he court must permit anyone to intervene who[] . . . claims an interest relating to the property or transaction that is the subject of the action *and* is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2) (emphasis added); *see also D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (citing timeliness as an additional requirement). "Denial of the motion to intervene [as of right] is proper if any of these requirements is not met." *D'Amato*, 236 F.3d at 84. Insofar as a request to intervene as of right is denied, a related request for *permissive* intervention, pursuant to FRCP 24(b), may also be denied. *See In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 n.5 (2d Cir. 2003) ("Substantially the same factors are considered in determining whether to grant an application for *permissive* intervention pursuant to [FRCP 24(b)(2)]. . . . Accordingly, insofar as we affirm the District Court's denial of [the proposed intervenor's] motion to intervene as a matter of right, we need not also examine its denial of permissive intervention." (emphasis added)).

The request for Ms. Bender to intervene as of right—or, alternatively, by permission—is denied. As a class member in this action, Ms. Bender's "ability to protect [her] interest" in opposing the Settlement is not "impair[ed] or impede[d]," absent such an intervention. Ms. Bender will have an opportunity, vis-à-vis the settlement process, to object to the Settlement, if she stays in this action, or simply opt out and reject the Settlement altogether. *See, e.g.*, *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000) ("Appellants insist that they ought to be permitted to intervene at least to state their objections to the Settlement. However,

3

the District Court has discretion to deny this request, particularly where . . . the proposed intervenors have already had an opportunity to state their objections before the Court."); *U.S. v. Pitney Bowes, Inc.* ("*Pitney Bowes*"), 25 F.3d 66, 73 (2d Cir. 1994) (affirming denial of request to intervene as of right, and by permission, where the proposed intervenor sought to "challeng[e] the fairness of the remedial actions to be undertaken pursuant to the consent decree," because it already had an "opportunity to express its concerns . . . during the public comment period"); *Shore v. Parklane Hosiery Co., Inc.*, 606 F.2d 354, 357-58 (2d Cir. 1979) (affirming finding that "appellants might elect to be excluded from the challenged settlement" and therefore did not require intervention of right, as "their interests were not impaired"); *In re Bank of Am. Corp. Secs., Derivative, & ERISA Litig.*, No. 09 MD 2058, 2012 WL 1674299, at *3 (S.D.N.Y. May 14, 2012) ("[T]he Proposed Intervenors have not adequately explained why intervention is required to protect their interests, as distinguished from exercising their rights as objectors under Rule 23.1."); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 465, 491 (S.D.N.Y. 1998) ("Class members need not formally intervene in order to raise their objections to a proposed settlement."). The fact that this could present Ms. Bender with a Hobbesian choice does not compel this Court to end-run the settlement process, by permitting her to intervene and, unlike other class members, object *without* staying in this action.

The same request for Mr. Howard to intervene is also denied. Mr. Howard, as a non-class member and *male* financial advisor, lacks a "'direct, substantial, and legally protectable' interest in the subject matter of this action," *i.e.*, a proposed settlement for female financial advisors who have alleged *gender* discrimination. *Compagnie Noga D'Importation Et D'Exportation S.A. v. Russian Fed'n*, No. 00 Civ. 0632, 2005 WL 1690537, at *4 (S.D.N.Y. July 20, 2005) (quoting *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97

4

(2d Cir. 1990)). "The subject matter of this action is an agreement that seeks to settle claims belonging to" female financial advisors for alleged discrimination that they have experienced. *Bank of N.Y. Mellon v. Walnut Place LLC*, No. 11 Civ. 5988, 2011 WL 5843488, at *2 (S.D.N.Y. Nov. 18, 2011). At best, Mr. Howard's "interest" in this action is an *indirect* one: "maximizing any recovery from" Defendants in remedying purportedly discriminatory policies and practices, which is what Mr. Howard is also pursuing in *McReynolds* on behalf of African-American financial advisors. *Compagnie Noga D'Importation Et D'Exportation S.A.*, 2005 WL 1690537, at *4. As a practical matter, it would be cumbersome to permit class members—in separate actions against the same financial institutions—to come in and out of other actions as intervenors with indirect interests, solely because the actions involve the same category of violations. Where parallel settlements are reached, the actions would probably become more unwieldy. Mr. Howard should pursue, in *McReynolds*, the best recovery possible for the alleged discrimination that he and others experienced as African-American financial advisors, but should not be permitted to piggyback on, or undermine, the recovery for female financial advisors in *this* action.

In any event—even if Ms. Bender were unable to protect her interest as a class member in this action, rather than an intervenor, and Mr. Howard had a direct interest in intervening for purposes of the Settlement—the requests for their intervention should still be denied as untimely. Timeliness takes into account not only the proposed intervenor's promptness in its request, but also "prejudice to existing parties resulting from any delay." *Pitney Bowes*, 25 F.3d at 70. These requests, raised at the eleventh hour, threaten to thwart the parties'—except possibly Ms. Calibuso's—interest in progressing with the Settlement, which the parties have spent months, if not years, negotiating. *See, e.g.*, *In re Holocaust Victim Assets Litig.*, 225 F.3d at 202

5

("[Permissive] intervention would prejudice the adjudication of the rights of the existing parties by destroying their Settlement[.]"); *Pitney Bowes*, 25 F.3d at 72 (holding that "intervention [of right and by permission] would result in prejudice to existing parties because the court would have been unavoidably obliged to delay entry of the consent decree," and "[the parties] would have had to begin negotiations again from scratch," in spite of earlier negotiations that lasted for eight months). The Motion, and any others like it, will not be allowed to derail the settlement process: the train has already left the station, and the next stop is the preliminary approval hearing.

II. Conclusion

The Motion is denied with prejudice, and Ms. Bender and Mr. Howard will not be permitted to intervene in this action.

                              SO ORDERED:

                              /s/ Pamela K. Chen
                              PAMELA K. CHEN
                              United States District Judge

Dated: October 4, 2013
       Brooklyn, New York